# No. 23-40478

# IN THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Christine Reule; Harriet Nicholson; Rebecca Alexander Foster; Jimmy Lee Menifee; Tony Lamar Vann; Honorable Madeleine Connor,
Plaintiffs - Appellants

v.

Honorable Reeve Jackson; Penny Clarkston; Megan LaVoie,
Defendants - Appellees

On Appeal from United States District Court for the
Eastern District of Texas, 6:22-CV-367, Hon. Jeremy D. Kernodle, presiding

## APPELLANTS' RECORD EXCERPTS

Mary Louise Serafine,
Attorney & Counselor at Law
3571 Far West Boulevard, #3669
Austin, Texas  78731
*serafine@mlserafine.com*
(512) 220-5452
*Attorney for Appellants*

## RECORD EXCERPTS TABLE OF CONTENTS

**Tab
No.**

1      Docket Sheet. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ROA.1-8

2      Opinion & Order . . . . . . . . . . . . . . . . . . . . . . . . . . . ROA.386-400

3      Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ROA.401

4      Motion to Alter or Amend Judgment . . . . . . . . . . . . . . . ROA.402-424

5      Order Denying Motion to Alter or Amend . . . . . . . . . . ROA.431-435

6      Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . ROA.440-442

tTAB 1

Jump to Docket Table

# U.S. District Court
# Eastern District of TEXAS [LIVE] (Tyler)
# CIVIL DOCKET FOR CASE #: 6:22-cv-00367-JDK

Reule, et al v Skeen, et al
Assigned to: District Judge Jeremy D. Kernodle
 Case in other court:  USCA, 23-40478
Cause: 42:1983 Civil Rights Act

Date Filed: 09/19/2022
Date Terminated: 05/30/2023
Jury Demand: Plaintiff
Nature of Suit: 950 Constitutional - State Statute
Jurisdiction: Federal Question

**Plaintiff**

**Christine Reule**                    represented by    **John Willis Vinson**
John W. Vinson PLLC
PO Box 301678
Austin, TX 78703
512-585-4883
Fax: 512-926-7380
Email: johnvinsonatty@yahoo.com
*TERMINATED: 08/30/2023*

**Mary Louise Serafine**
Mary Louise Serafine
3571 Far West Blvd
Ste #3669
Austin, TX 78731
512-220-5452
Email: serafine@mlserafine.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Harriet Nicholson**                    represented by    **Mary Louise Serafine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Willis Vinson**
(See above for address)
*TERMINATED: 08/30/2023*

**Plaintiff**

**Rebecca Alexander Foster**                    represented by    **Mary Louise Serafine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

John Willis Vinson
(See above for address)
*TERMINATED: 08/30/2023*

**Plaintiff**

**Jimmy Lee Menifee**                    represented by    **Mary Louise Serafine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Willis Vinson**
(See above for address)
*TERMINATED: 08/30/2023*

**Plaintiff**

**Tony Lamar Vann**                    represented by    **Mary Louise Serafine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Willis Vinson**
(See above for address)
*TERMINATED: 08/30/2023*

**Plaintiff**

**Honorable Madeleine Connor**                    represented by    **Mary Louise Serafine**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Willis Vinson**
(See above for address)
*TERMINATED: 08/30/2023*

V.

**Defendant**

**Judge Jack Skeen, Jr.**                    represented by    **Caroline Alyssa Merideth**
*TERMINATED: 04/26/2023*                    Reeves & Brightwell LLP
3103 Bee Caves Rd.
Ste 240
Austin, TX 78747-5581
512-334-4504
Fax: 512-320-0667
Email: cmerideth@reevesbrightwell.com
*TERMINATED: 04/21/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather Lee Dyer**

Office of the Attorney General
General Litigation Division
P O Box 12548
Austin, TX 78711-2548
512-936-1162
Email: heather.dyer@oag.texas.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Penny Clarkston**                    represented by    **David R. Herring Iglesias**
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8
Tyler, TX 75701
903-944-7185
Email: david@iglesiaslawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Thomas Edward Wilson**
Thomas Wilson
200 E. Ferguson Street
Suite 211
Tyler, TX 75702
512-393-9321
Email: twilson@smith-county.com
*LEAD ATTORNEY*

**James Arthur Evans , III**
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8
Tyler, TX 75701
903-944-7185
Fax: 903-630-5338
Email: jim@iglesiaslawfirm.com
*ATTORNEY TO BE NOTICED*

**Stephanie Glass Ernst**
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8
Tyler, TX 75701
903-944-7185
Fax: 903-630-5338
Email: stephanie@iglesiaslawfirm.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Megan LaVoie**                    represented by    **Caroline Alyssa Merideth**
(See above for address)
*TERMINATED: 04/21/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heather Lee Dyer**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Honorable Reeve Jackson**

| Date Filed | # | Docket Text |
|---|---|---|
| 09/19/2022 | 1 (p.9) | COMPLAINT *Christine Reule* against Judge Jack Skeen, Jr ( Filing fee $ 402 receipt number ATXEDC-9134836.), filed by Christine Reule. (Attachments: # 1 (p.9) Exhibit, # 2 (p.54) Civil Cover Sheet)(Serafine, Mary) (Attachment 2 replaced on 9/21/2022) (ssw, ). (Entered: 09/19/2022) |
| 09/19/2022 | 2 (p.54) | DEMAND for Trial by Jury by Christine Reule. (Serafine, Mary) (Entered: 09/19/2022) |
| 09/20/2022 | | District Judge Jeremy D. Kernodle added. (gsm) (Entered: 09/20/2022) |
| 09/20/2022 | 3 (p.56) | SUMMONS Issued as to Penny Clarkston, Megan LaVoie, Judge Jack Skeen, Jr. (Attachments: # 1 (p.9) Summons(es), # 2 (p.54) Summons(es)) (ndc) (Entered: 09/20/2022) |
| 09/22/2022 | 4 (p.62) | CORPORATE DISCLOSURE STATEMENT filed by Christine Reule (Serafine, Mary) (Entered: 09/22/2022) |
| 09/22/2022 | 5 (p.64) | NOTICE by Christine Reule *of Challenge to Constitutionality of State Statute* (Serafine, Mary) (Entered: 09/22/2022) |
| 09/22/2022 | 6 (p.65) | SUMMONS Returned Executed by Christine Reule. Judge Jack Skeen, Jr served on 9/22/2022, answer due 10/13/2022. (Serafine, Mary) (Entered: 09/23/2022) |
| 09/23/2022 | 7 (p.67) | SUMMONS Returned Executed by Christine Reule. Penny Clarkston served on 9/22/2022, answer due 10/13/2022. (Serafine, Mary) (Entered: 09/23/2022) |
| 10/04/2022 | 8 (p.69) | NOTICE of Attorney Appearance by John Willis Vinson on behalf of All Plaintiffs (Vinson, John) (Entered: 10/04/2022) |
| 10/10/2022 | 9 (p.70) | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Judge Jack Skeen, Jr.( Merideth, Caroline) (Entered: 10/10/2022) |
| 10/10/2022 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Judge Jack Skeen, Jr to 10/18/2022. 5 Days Granted for Deadline Extension.( gsm ) (Entered: 10/11/2022) |
| 10/11/2022 | 10 (p.71) | SUMMONS Returned Executed by Christine Reule. Megan LaVoie served on 9/27/2022, answer due 10/18/2022. (Serafine, Mary) (Entered: 10/11/2022) |
| 10/11/2022 | 11 (p.73) | Defendant's Unopposed First Application for Extension of Time to Answer Complaint re Penny Clarkston.( Wilson, Thomas) (Entered: 10/11/2022) |
| 10/11/2022 | | Defendant's Unopposed First Application for Extension of Time to Answer Complaint is granted pursuant to Local Rule CV-12 for Penny Clarkston to 10/18/2022. 5 Days Granted for Deadline Extension.( gsm ) (Entered: 10/12/2022) |

| 10/13/2022 | 12 (p.74) | CORPORATE DISCLOSURE STATEMENT filed by Megan LaVoie, Judge Jack Skeen, Jr (Merideth, Caroline) (Entered: 10/13/2022) |
| 10/17/2022 | 13 (p.76) | NOTICE of Attorney Appearance by David R. Herring Iglesias on behalf of Penny Clarkston (Iglesias, David) (Entered: 10/17/2022) |
| 10/18/2022 | 14 (p.79) | MOTION to Dismiss by Megan LaVoie, Judge Jack Skeen, Jr. (Merideth, Caroline) (Additional attachment(s) added on 10/20/2022: # 1 (p.9) Text of Proposed Order) (gsm, ). (Additional attachment(s) added on 10/20/2022: # 2 (p.54) CORRECTED PROPOSED ORDER) (gsm, ). (Entered: 10/18/2022) |
| 10/18/2022 | 15 (p.114) | MOTION to Dismiss by Penny Clarkston. (Attachments: # 1 (p.9) Text of Proposed Order Proposed Order)(Iglesias, David) (Entered: 10/18/2022) |
| 10/27/2022 | 16 (p.142) | NOTICE of Attorney Appearance by Stephanie Glass Ernst on behalf of Penny Clarkston (Ernst, Stephanie) (Entered: 10/27/2022) |
| 10/27/2022 | 17 (p.144) | NOTICE of Attorney Appearance by James Arthur Evans, III on behalf of Penny Clarkston (Evans, James) (Entered: 10/27/2022) |
| 10/27/2022 | 18 (p.146) | First MOTION for Extension of Time to File Response/Reply as to 14 (p.79) MOTION to Dismiss , 15 (p.114) MOTION to Dismiss *on behalf of all Plaintiffs including* by Christine Reule. (Attachments: # 1 (p.9) Text of Proposed Order)(Serafine, Mary) (Entered: 10/27/2022) |
| 10/31/2022 | 19 (p.150) | ORDER granting 18 (p.146) First MOTION for Extension of Time to File Response/Reply as to 14 (p.79) MOTION to Dismiss, and 15 (p.114) MOTION to Dismiss. Plaintiffs may file their responses to Defendants' pending motions to dismiss by November 8, 2022. Signed by District Judge Jeremy D. Kernodle on 10/31/2022. (wea, ) (Entered: 10/31/2022) |
| 11/08/2022 | 20 (p.151) | RESPONSE in Opposition re 14 (p.79) MOTION to Dismiss *of Defendants LaVoie and Skeen* filed by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann. (Attachments: # 1 (p.9) Text of Proposed Order)(Serafine, Mary) (Entered: 11/08/2022) |
| 11/08/2022 | 21 (p.179) | RESPONSE in Opposition re 15 (p.114) MOTION to Dismiss *of Defendant Penny Clarkston,* filed by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann. (Attachments: # 1 (p.9) Text of Proposed Order)(Serafine, Mary) (Entered: 11/08/2022) |
| 11/09/2022 | 22 (p.201) | Opposed MOTION to Stay *Discovery and Pretrial Proceedings and Protective Order* by Megan LaVoie, Judge Jack Skeen, Jr. (Attachments: # 1 (p.9) Text of Proposed Order)(Merideth, Caroline) (Entered: 11/09/2022) |
| 11/15/2022 | 23 (p.210) | REPLY to Response to Motion re 14 (p.79) MOTION to Dismiss *filed by Megan LaVoie, Judge Jack Skeen, Jr.* (Merideth, Caroline) (Entered: 11/15/2022) |
| 11/15/2022 | 24 (p.218) | REPLY to Response to Motion re 15 (p.114) MOTION to Dismiss *filed by Penny Clarkston.* (Evans, James) (Entered: 11/15/2022) |
| 11/22/2022 | 25 (p.224) | SUR-REPLY to Reply to Response to Motion re 14 (p.79) MOTION to Dismiss *of Defendants Skeen and LaVoie* filed by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann. (Serafine, Mary) (Entered: 11/22/2022) |
| 11/22/2022 | | |

| | 26 (p.231) | SUR-REPLY to Reply to Response to Motion re 15 (p.114) MOTION to Dismiss *of Defendant Penny Clarkston, filed by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann*. (Serafine, Mary) (Entered: 11/22/2022) |
|---|---|---|
| 11/23/2022 | 27 (p.237) | RESPONSE in Opposition re 22 (p.201) Opposed MOTION to Stay *Discovery and Pretrial Proceedings and Protective Order filed by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann*. (Attachments: # 1 (p.9) Text of Proposed Order)(Serafine, Mary) (Entered: 11/23/2022) |
| 11/28/2022 | 28 (p.246) | REPORT of Rule 26(f) Planning Meeting. (Serafine, Mary) (Entered: 11/28/2022) |
| 11/30/2022 | 29 (p.250) | REPLY to Response to Motion re 22 (p.201) Opposed MOTION to Stay *Discovery and Pretrial Proceedings and Protective Order filed by Megan LaVoie, Judge Jack Skeen, Jr*. (Merideth, Caroline) (Entered: 11/30/2022) |
| 12/06/2022 | 30 (p.255) | Opposed MOTION to Certify Class *of Local Administrative Judges and Class of Court Clerks* by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann. Responses due by 12/20/2022 (Attachments: # 1 (p.9) Affidavit, # 2 (p.54) Exhibit, # 3 (p.56) Text of Proposed Order)(Serafine, Mary) (Entered: 12/06/2022) |
| 12/07/2022 | 31 (p.322) | SUR-REPLY to Reply to Response to Motion re 22 (p.201) Opposed MOTION to Stay *Discovery and Pretrial Proceedings and Protective Order filed by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann*. (Serafine, Mary) (Entered: 12/07/2022) |
| 12/14/2022 | 32 (p.327) | Opposed MOTION for Extension of Time to File Response/Reply as to 30 (p.255) Opposed MOTION to Certify Class *of Local Administrative Judges and Class of Court Clerks Defendants' Joint* by Megan LaVoie, Judge Jack Skeen, Jr. (Attachments: # 1 (p.9) Text of Proposed Order)(Merideth, Caroline) (Entered: 12/14/2022) |
| 12/28/2022 | 33 (p.335) | RESPONSE in Opposition re 32 (p.327) Opposed MOTION for Extension of Time to File Response/Reply as to 30 (p.255) Opposed MOTION to Certify Class *of Local Administrative Judges and Class of Court Clerks Defendants' Joint filed by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann*. (Attachments: # 1 (p.9) Text of Proposed Order)(Serafine, Mary) (Entered: 12/28/2022) |
| 01/04/2023 | 34 (p.344) | Unopposed MOTION for Extension of Time to File Response/Reply as to 32 (p.327) Opposed MOTION for Extension of Time to File Response/Reply as to 30 (p.255) Opposed MOTION to Certify Class *of Local Administrative Judges and Class of Court Clerks Defendants' Joint* by Megan LaVoie, Judge Jack Skeen, Jr. (Attachments: # 1 (p.9) Text of Proposed Order)(Merideth, Caroline) (Entered: 01/04/2023) |
| 01/17/2023 | 35 (p.350) | REPLY to Response to Motion re 32 (p.327) Opposed MOTION for Extension of Time to File Response/Reply as to 30 (p.255) Opposed MOTION to Certify Class *of Local Administrative Judges and Class of Court Clerks Defendants' Joint filed by Megan LaVoie, Judge Jack Skeen, Jr*. (Merideth, Caroline) (Entered: 01/17/2023) |
| 01/23/2023 | 36 (p.356) | SUR-REPLY to Reply to Response to Motion re 32 (p.327) Opposed MOTION for Extension of Time to File Response/Reply as to 30 (p.255) Opposed MOTION to |

| | | |
|---|---|---|
| | | Certify Class *of Local Administrative Judges and Class of Court Clerks Defendants' Joint Sur-Reply to Defendants filed by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann.* (Attachments: # 1 (p.9) Exhibit)(Serafine, Mary) (Entered: 01/23/2023) |
| 01/26/2023 | 37 (p.364) | ORDER granting 32 (p.327) Opposed MOTION for Extension of Time to File Response/Reply as to 30 (p.255) Opposed MOTION to Certify Class; **denying as moot** 32 (p.327) Opposed MOTION for Extension of Time to File Response/Reply as to 30 (p.255) Opposed MOTION to Certify Class *; granting 22 (p.201) Motion to Stay. Signed by District Judge Jeremy D. Kernodle on 1/25/2023. (gsm) (Entered: 01/26/2023)* |
| 04/10/2023 | 38 (p.369) | ORDER Setting Hearing on Motions to Dismiss 14 (p.79) , 15 (p.114) : Motion Hearing set for **4/27/2023 at 10:00 AM** in Ctrm 101 (Tyler) before District Judge Jeremy D. Kernodle. Signed by District Judge Jeremy D. Kernodle on 4/10/2023. (wea, ) (Entered: 04/10/2023) |
| 04/11/2023 | 39 (p.370) | Unopposed MOTION re 38 (p.369) Order Setting Hearing on Motion *DEFENDANT PENNY CLARKSTON'S UNOPPOSED MOTION TO RESCHEDULE THE HEARING ON MOTIONS TO DISMISS [#14] and [#15]* by Penny Clarkston. (Attachments: # 1 (p.9) Text of Proposed Order Proposed Order)(Iglesias, David) (Entered: 04/11/2023) |
| 04/12/2023 | 40 (p.374) | **ORDER Resetting Hearing on Motions to Dismiss 14 (p.79) , 15 (p.114) ** - Motion Hearing set for 5/10/2023 at 1:30 PM in Ctrm 101 (Tyler) before District Judge Jeremy D. Kernodle. Signed by District Judge Jeremy D. Kernodle on 4/12/2023. (esw) (Entered: 04/12/2023) |
| 04/20/2023 | 41 (p.375) | Unopposed MOTION to Withdraw as Attorney *and Substitute Lead Counsel* by Megan LaVoie, Judge Jack Skeen, Jr. (Attachments: # 1 (p.9) Text of Proposed Order)(Merideth, Caroline) (Entered: 04/20/2023) |
| 04/21/2023 | 42 (p.379) | ORDER granting 41 (p.375) Motion to Withdraw as Attorney. Attorney Caroline Alyssa Merideth terminated. Attorney Heather Dyer added as new lead counsel. Signed by District Judge Jeremy D. Kernodle on 4/21/2023. (gsm) (Entered: 04/21/2023) |
| 04/25/2023 | 43 (p.380) | Unopposed MOTION substitute a defendant *Judge Reeve Jackson for Judge Jack Skeen, Jr.* by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann. (Attachments: # 1 (p.9) Text of Proposed Order)(Serafine, Mary) (Entered: 04/25/2023) |
| 04/26/2023 | 44 (p.384) | ORDER granting 43 (p.380) Motion Substitute Defendant. Signed by District Judge Jeremy D. Kernodle on 4/26/23. (jbe, ) (Entered: 04/27/2023) |
| 05/10/2023 | 45 (p.385) | Minute Entry for proceedings held before District Judge Jeremy D. Kernodle: Motion Hearing held on 5/10/2023 re 14 (p.79) MOTION to Dismiss filed by Megan LaVoie, Judge Jack Skeen, Jr., 15 (p.114) MOTION to Dismiss filed by Penny Clarkston. (1:34 pm - 2:33 pm) Attorney Appearances: Plaintiff - Mary Louise Serafine; Defense - Heather Dyer, David Iglesias. (No exhibits) (Court Reporter Shea Sloan) (esw) (Entered: 05/10/2023) |
| 05/30/2023 | 46 (p.386) | MEMORANDUM OPINION AND ORDER GRANTING MOTIONS TO DISMISS. The Court GRANTS Defendants' motions to dismiss 14 (p.79) 15 (p.114) . Further, the Court DENIES as moot Plaintiffs' motion for class certification 30 (p.255) . Signed by District Judge Jeremy D. Kernodle on 5/30/2023. (wea, ) (Entered: |

| | | |
|---|---|---|
| | | 05/30/2023) |
| 05/30/2023 | 47 (p.401) | FINAL JUDGMENT. Signed by District Judge Jeremy D. Kernodle on 5/30/2023. (wea, ) (Entered: 05/30/2023) |
| 06/07/2023 | 48 (p.446) | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Motions Hearing Proceedings held on 5/10/2023 before Judge Jeremy D. Kernodle. Court Reporter: Shea Sloan, shea_sloan@txed.uscourts.gov. NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.. Motion to Redact due 6/28/2023. Release of Transcript Restriction set for 9/5/2023. (sms, ) (Entered: 06/07/2023) |
| 06/27/2023 | 49 (p.402) | MOTION to Alter Judgment *Under Rule 59(e)* by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann. (Attachments: # 1 (p.9) Exhibit Ex A Order of Judge Pitman)(Serafine, Mary) (Additional attachment(s) added on 6/29/2023: # 2 (p.54) Proposed Order) (gsm, ). (Entered: 06/27/2023) |
| 07/11/2023 | 50 (p.425) | RESPONSE to Motion re 49 (p.402) MOTION to Alter Judgment *Under Rule 59(e) filed* by Penny Clarkston. (Attachments: # 1 (p.9) Proposed Order Proposed Order)(Iglesias, David) (Entered: 07/11/2023) |
| 07/18/2023 | 51 (p.431) | ORDER DENYING 49 (p.402) Motion to Alter or Amend the Judgment. Signed by District Judge Jeremy D. Kernodle on 7/18/2023. (esw) (Entered: 07/18/2023) |
| 08/11/2023 | 52 (p.436) | MOTION to Withdraw as Attorney *John W. Vinson* by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann. (Attachments: # 1 (p.9) Proposed Order Text for Order)(Serafine, Mary) (Entered: 08/11/2023) |
| 08/16/2023 | 53 (p.440) | NOTICE OF APPEAL by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann. Filing fee $ 505, receipt number ATXEDC-9655301. (Serafine, Mary) (Entered: 08/16/2023) |
| 08/23/2023 | | NOTICE of Docketing Notice of Appeal from USCA re 53 (p.440) Notice of Appeal filed by Christine Reule, Rebecca Alexander Foster, Harriet Nicholson, Madeleine Connor, Tony Lamar Vann, Jimmy Lee Menifee. USCA Case Number 23-40478 (gsm) (Entered: 08/23/2023) |
| 08/30/2023 | 54 (p.443) | ORDER granting 52 (p.436) Motion to Withdraw as Attorney. Attorney John Willis Vinson terminated. Signed by District Judge Jeremy D. Kernodle on 8/30/2023. (gsm) (Entered: 08/30/2023) |
| 09/13/2023 | 55 (p.444) | TRANSCRIPT REQUEST by Madeleine Connor, Rebecca Alexander Foster, Jimmy Lee Menifee, Harriet Nicholson, Christine Reule, Tony Lamar Vann for proceedings held on May 10, 2023 before Judge Kernodle. (Serafine, Mary) (Main Document 55 replaced with flattened version on 9/13/2023) (ljw, ). (TRANSCRIPT IS ALREADY ON FILE) (Entered: 09/13/2023) |

TAB 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTINE REULE, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 6:22-cv-367-JDK |
| | § | |
| AUSTIN REEVE JACKSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTIONS TO DISMISS**

Plaintiffs in this case challenge the constitutionality of Chapter 11 of the Texas Civil Practice and Remedies Code, which governs "vexatious litigants." Defendants are state judicial and executive officials authorized to act under Chapter 11.

Defendants move to dismiss the action under Federal Rule of Civil Procedure 12. They argue Plaintiffs lack standing, Defendants are entitled to sovereign and judicial immunity, and abstention doctrines warrant dismissal. Docket Nos. 14, 15. Defendants also argue Plaintiffs fail to state a claim because there is no "right to file frivolous litigation," and other courts have already rejected Plaintiffs' constitutional arguments. Docket No. 14 at 23–31 (citing *Bill Johnson's Rests., Inc. v. N.L.R.B.*, 461 U.S. 731, 743 (1983)). The Court heard oral argument on the motions on May 10, 2023.

As explained below, the Court holds that Plaintiffs do not have standing to sue these Defendants. In particular, Plaintiffs have not identified an injury fairly

23-40478.386

traceable to, or likely to be redressed by a favorable ruling against, the non-judicial

Defendants. And Plaintiffs lack a case or controversy against the remaining judicial

Defendant.

Accordingly, the Court lacks subject matter jurisdiction and grants

Defendants' motions to dismiss.

## I.

Chapter 11 of the Texas Civil Practice and Remedies Code was enacted in 1997

to restrict frivolous and vexatious litigation. Act of June 17, 1997, 75th Leg., R.S.,

ch. 86, 1997 Tex. Gen. Laws 2634 (codified at TEX. CIV. PRAC. & REM. CODE §§ 11.001,

*et seq.*). Plaintiffs are individuals found to be "vexatious litigants" under Chapter 11.

They argue that the statute violates the U.S. Constitution.

## A.

Chapter 11 provides criteria for determining if a plaintiff is a "vexatious

litigant" and empowers state courts to prohibit such litigants from filing new lawsuits

pro se without permission.

A court may find a plaintiff vexatious if, after notice and a hearing, the

defendant shows "there is not a reasonable probability that the plaintiff will prevail

in the litigation against the defendant" and any one of the following requirements:

> (1) the plaintiff, in the seven-year period immediately preceding the date
> the defendant makes the motion under Section 11.051, has commenced,
> prosecuted, or maintained at least five litigations as a pro se litigant
> other than in a small claims court that have been:
>
> > (A) finally determined adversely to the plaintiff;
> >
> > (B) permitted to remain pending at least two years without having
> > been brought to trial or hearing; or

23-40478.387

(C) determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2) after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, pro se, either:

(A) the validity of the determination against the same defendant as to whom the litigation was finally determined; or

(B) the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3) the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transition, or occurrence.

TEX. CIV. PRAC. & REM. § 11.054.

If a court finds a plaintiff vexatious, the court may "enter an order prohibiting [the plaintiff] from filing, pro se, a new litigation . . . without permission of the appropriate local administrative judge." *Id.* § 11.101(a). The plaintiff may appeal this "prefiling order . . . designating the person a vexatious litigant." *Id.* § 11.101(c). A plaintiff who violates the order is subject to contempt of court. *Id.* § 11.101(b).

The local administrative judge may permit a vexatious litigant to file a new lawsuit pro se "only if it appears to the judge that the litigation: (1) has merit; and (2) has not been filed for the purposes of harassment or delay." *Id.* § 11.102(d).[1] If the judge denies permission, the litigant "may apply for a writ of mandamus with the

---

[1] Local administrative judges are a statutory creation. TEX. GOV'T CODE §§ 74.091–.092. One district judge from each county serves as the local administrative judge. *Id.* § 74.091(a). In counties with two or more district courts, the judges of those courts elect a district judge to serve as the local administrative judge. *Id.* § 74.091(b). In counties with one district court, the judge of that court serves as the local administrative judge. *Id.* § 74.091(c).

court of appeals." *Id.* § 11.102(f). The judge "may make a determination on the request with or without a hearing." *Id.* § 11.102(c).

Chapter 11 also mandates that a "clerk of court may not file a litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order" unless the litigant has obtained the permission from the local administrative judge. *Id.* § 11.103(a).

And finally, Chapter 11 requires the Texas Office of Court Administration to "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders under Section 11.101." *Id.* § 11.104(b). The office may not remove the name of a vexatious litigant from the website unless it "receives a written order from the court that entered the prefiling order or from an appellate court." *Id.* § 11.104(c).

## B.

Plaintiffs are six individuals whom Texas courts have declared vexatious litigants under Chapter 11. Docket No. 1 ¶¶ 12–17. Plaintiffs sue under 42 U.S.C. § 1983, claiming Chapter 11 violates the First and Fourteenth Amendments both facially and as applied to them. *Id.* at 1. In particular, Plaintiffs contend Chapter 11 is an unlawful prior restraint, denies them due process, violates "equal protection," and is "arbitrary and capricious." *Id.* ¶¶ 122–70.

Defendants are Judge Austin Reeve Jackson, the administrative judge of Smith County, Texas; Penny Clarkston, the District Clerk for Smith County; and Megan LaVoie, the Administrative Director of the Office of Court Administration. *Id.* ¶¶ 18–26. Plaintiffs claim these defendants enforce Chapter 11. *See id.* ¶¶ 18–29.

Pursuant to Rule 23, Plaintiffs seek to certify two classes of defendants, one comprised of all Texas local administrative judges, and the other comprised of all district clerks in Texas.  Docket No. 30 at 1.

Plaintiffs seek a declaratory judgment stating that Chapter 11 is unconstitutional, and they ask the Court to enjoin LaVoie and the defendant classes "from enforcing Chapter 11 against Plaintiffs and those similarly situated."  Docket No. 1 ¶ 175.

## C.

Plaintiffs are represented by Mary Louise Serafine, a vexatious litigant who previously challenged the constitutionality of Chapter 11.  On January 8, 2021, a Texas state court found Serafine to be a vexatious litigant based on her multiple lawsuits against former neighbors and the judges presiding over those cases.  *Order Dated January 8, 2021*, *Serafine v. Crump*, No. D-1-GN-19-002601 (345th Dist. Ct., Travis Cnty., Tex.); *see also Serafine v. LaVoie*, 2022 WL 229364, at *1–3 (W.D. Tex. Jan. 26, 2022) (detailing Serafine's litigation history).  The court entered a prefiling order under Chapter 11 preventing her from filing new pro se litigation.

Serafine challenged the constitutionality of Chapter 11 in the U.S. District Court for the Western District of Texas in a case nearly identical to the one here.  *Serafine v. LaVoie*, 2022 WL 229364, at *1–3.  In that case, Serafine sued the Travis County local administrative judge and district clerk, LaVoie, Chief Justice Nathan Hecht, Governor Greg Abbott, and Attorney General Ken Paxton.  *Id.* at *3.  After Serafine voluntarily dismissed Governor Abbott and General Paxton, Magistrate

23-40478.390

Judge Susan Hightower issued a report recommending dismissal of all remaining defendants. *Id.* at *17.

Twelve days later—and before the District Judge adopted the recommendation—Serafine voluntarily dismissed the case. *Plaintiff's Notice of Dismissal of All Parties*, *Serafine v. LaVoie*, No. 1:20-cv-1249 (W.D. Tex. Feb. 7, 2022), ECF No. 119. At a hearing before this Court, Serafine explained "we did not want Judge Pitman to adopt that recommendation because we thought it was wrong." Hearing Tr. 5/10/2023 at 33:17–19. She further explained, "So we thought [Judge Hightower's] opinion was biased and also erroneous and that she completely misdescribed the law of abstention in the Fifth Circuit," *id.* at 34:6–8, and later stated that the recommendation "was wholly wrong," *id.* at 35:18–19.

## II.

"The first jurisdictional question is whether the plaintiffs have standing" to challenge Chapter 11. *Tex. Democratic Party v. Abbott*, 978 F.3d 168, 178 (5th Cir. 2020); *see also DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340–41 (2006) ("If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so."). Article III of the U.S. Constitution limits federal courts to deciding only "cases" or "controversies," which ensures that the judiciary "respects the proper—and properly limited—role of the courts in a democratic society." *DaimlerChrysler*, 547 U.S. at 341 (cleaned up); *see also Raines v. Byrd*, 521 U.S. 811, 829 (1997) ("Our regime contemplates a more restricted role

for Article III courts . . . 'not some amorphous general supervision of the operations

of government.'" (quoting *United States v. Richardson*, 418 U.S. 166, 192 (1974))).

"[A]n essential and unchanging part of the case-or-controversy requirement of

Article III" is that the plaintiff has standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555,

560 (1992).  The standing requirement is not subject to waiver and requires strict

compliance. *E.g.*, *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996).  Article III standing

requires a plaintiff to show: (1) he "has suffered an 'injury in fact' that is (a) concrete

and particularized and (b) actual or imminent, not conjectural or hypothetical";

(2) "the injury is fairly traceable to the challenged action of the defendant"; and (3) "it

is likely, as opposed to merely speculative, that the injury will be redressed by a

favorable decision." *El Paso Cnty. v. Trump*, 982 F.3d 332, 336 (5th Cir. 2020)

(quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167,

180–81 (2000)).  "The party invoking federal jurisdiction bears the burden of

establishing these elements." *Lujan*, 504 U.S. at 561.

Here, Plaintiffs do not have standing.  As an initial matter, the Court assumes

that Plaintiffs alleged an injury—the inability to file meritorious "litigation and to

access the courts . . . without the [local administrative judge's] permission."  Hearing

Tr. 5/10/2023 at 17:23–18:1; Docket No. 1 ¶ 119 (citing *Elrod v. Burns*, 427 U.S. 347,

373 (1976)).  Although Plaintiffs do not identify any meritorious litigation blocked by

an administrative judge—and in fact, one Plaintiff received permission to file a name-

change petition, Hearing Tr. 5/10/2023 at 18:2–4—Defendants do not dispute that

Plaintiffs have identified a cognizable injury for Article III purposes.

The problem for Plaintiffs, however, is that they have not satisfied Article III's remaining requirements for standing. *Williams v. Parker*, 843 F.3d 617, 621 (5th Cir. 2016) ("If the party invoking federal jurisdiction fails to establish any one of injury in fact, causation, or redressability, then federal courts cannot hear the suit.").

The Court addresses this problem with each Defendant in turn.

## A.

First, Megan LaVoie, the Administrative Director of Court Administration. LaVoie's sole duty under Chapter 11 is to compile the list of vexatious litigants subject to a prefiling order for publication on her agency's website. *See* Civ. Prac. & Rem. § 11.104(b). LaVoie does not declare a litigant vexatious, issue prefiling orders, or decide whether vexatious litigants may file new lawsuits. *See id.* Nor may LaVoie remove a litigant from the vexatious-litigant list without a court order. *Id.* § 11.104(c).

Given LaVoie's limited role under Chapter 11, Plaintiffs cannot show that their claimed injury is "fairly traceable" to LaVoie or is likely to be "redressed by a favorable decision" against her. *El Paso Cnty.*, 982 F.3d at 336. "Standing requires a 'causal connection between the injury and the conduct complained of.'" *Cameron Cnty. Hous. Auth. v. City of Port Isabel*, 997 F.3d 619, 623 (5th Cir. 2021) (quoting *Lujan*, 504 U.S. at 560). And, here, Plaintiffs' claimed injury is the inability to file a new pro se lawsuit without the permission of a local administrative judge—which has nothing to do with LaVoie's publishing a list of vexatious litigants. *See id.* (holding causation "is lacking where 'the challenged action of the defendant [is] . . . the result

8

of the independent action of some third party not before the court."); *Serafine v. LaVoie*, 2022 WL 229364, at \*10 (dismissing LaVoie for lack of causation).  Rather, the restriction on filing new lawsuits results from prefiling orders issued by various judges.  *See* § 11.101(a).

Plaintiffs claim that if LaVoie "did not create and update the list, . . . Chapter 11 would be of no effect."  Docket No. 1 ¶ 25.  Not so.  Even without LaVoie's list, Plaintiffs would be subject to prefiling orders prohibiting them from filing new lawsuits pro se without permission.  *See* § 11.101(a).  An order against LaVoie in this case would therefore not give Plaintiffs the relief they want.  *See, e.g.*, *El Paso Cnty.*, 982 F.3d at 343 (plaintiff lacks standing where an order granting the requested relief "would not rescind," and "accordingly would not redress," the alleged harm); *Stewart v. Wells*, 2020 WL 3146866, at \*3 (N.D. Tex. May 26) (holding that plaintiff challenging the constitutionality of the Texas Family Code's "best interest of child" standard lacked standing to sue state officials where "[n]one of the defendants have the authority to change the statute or affect the way in which the courts apply it"), *report and recommendation adopted*, 2020 WL 3129645 (N.D. Tex. June 12, 2020).

Accordingly, Plaintiffs do not have standing to sue LaVoie.  *See, e.g.*, *Tex. Democratic Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020) (dismissing Governor Abbott for lack of causation where he had no power to determine who qualified for mail-in voting); *Serafine v. LaVoie*, 2022 WL 229364, at \*10.

## B.

A similar analysis applies to Penny Clarkston, the District Clerk for Smith County. Chapter 11 prohibits Clarkston—and all district clerks in Texas—from filing new pro se litigation by vexatious litigants subject to a prefiling order "unless the litigant obtains an order from the appropriate local administrative judge." § 11.103(a). Like LaVoie, the clerks do not declare litigants vexatious, issue prefiling orders, or decide whether vexatious litigants may file new lawsuits. *See id.*

Thus, as with LaVoie, Plaintiffs cannot show that their claimed injury is "fairly traceable" to Clarkston's conduct or is likely to be "redressed by a favorable decision" against her. *El Paso Cnty.*, 982 F.3d at 336; *Serafine v. LaVoie*, 2022 WL 229364, at *13 (dismissing Travis County district clerk for lack of causation and redressability). Plaintiffs argue that an injunction against Clarkston and the putative class of clerks would stop the rejection of their filings, fulfilling the redressability requirement. Docket No. 21 at 9–10. But Plaintiffs would still be subject to prefiling orders prohibiting them from filing new pro se lawsuits without permission. § 11.101(a); *see also, e.g.*, *Reule v. Chism*, No. 18-1817-C, at *2 (241st Dist. Ct., Smith County, Tex. May 21, 2019) (imposing "prohibition" on named Plaintiff Christine Reule from "filing additional litigation"). Plaintiffs concede they do not "seek[] to appeal and overturn the vexatiousness orders against them." *See* Docket No. 21 at 14. Accordingly, an injunction against Clarkston would not "serve . . . to eliminate any effects of" the conduct giving rise to their injury. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 105–06 (1998); *see also El Paso Cnty.*, 982

F.3d at 343; *Coastal Habitat All. v. Patterson*, <u>601 F. Supp. 2d 868, 881</u> (W.D. Tex. 2008), *as amended* (May 22, 2009) ("[Plaintiff] does not ask the Court to command the State Defendants to conduct consistency review. The [plaintiff's] requested relief therefore does not lead to a reasonable inference that the injury of deprivation of consistency review will be removed . . . ."); *Cherry v. F.C.C.*, <u>641 F.3d 494, 498</u> (D.C. Ci<u>r. 2011</u>) ("[T]he relief that this court might give [plaintiff] would not remedy the injuries alleged, because this court has no authority over Zwirn's foreclosure action or the New York court's appointment of a receiver."); *Cnty. of Del. v. Dep't of Transp.*, <u>554 F.3d 143, 150</u> (D.C. Ci<u>r. 2009</u>) (finding no redressability where "airspace redesigns" responsible for plaintiff's harm would remain in place even if the court vacated defendant's action).

To be sure, an injunction against Clarkston would allow Plaintiffs' new suits to be docketed—for a moment.  But until Plaintiffs received the administrative judge's permission, they would be "subject to contempt of court" and their suits would be immediately dismissed.   § 11.101(b);  § 11.1035(a)–(b) (directing courts to "immediately stay" and "dismiss" any litigation filed by vexatious litigants in violation of a prefiling order).  Indeed, Texas courts routinely dismiss cases filed by vexatious litigants who, often by clerk error, momentarily succeed in filing a new lawsuit.  *Nunu v. Risk*, <u>612 S.W.3d 645, 652</u> (Tex. App.—Houston [14th Dist.] 2020, pet. denied).[2]

---

[2]  *See also, e.g.*, *Ratcliff v. Jenkins & Young PC*, <u>2022 WL 17168389</u>, at *1 (Tex. App.—Amarillo Nov. 22, 2022, no pet.); *Reeves v. Cent. Hous. Nissan*, <u>617 S.W.3d 676, 678</u> (Tex. App.—Houston [14th Dist.] 2021, no pet.); *Leonard v. Paxton*, <u>2020 WL 1814614</u>, at *2 (Tex. App.—Austin Ap<u>r. 10</u>, <u>2020</u>,

Plaintiffs therefore lack standing to sue Clarkston.

## C.

This leaves Local Administrative Judge Austin Reeve Jackson.  The problem with suing Judge Jackson, however, is that "'no case or controversy' exists 'between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'"  *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) (quoting *Pulliam v. Allen*, 466 U.S. 522, 538 n.18 (1984)); *see also Bauer v. Texas*, 341 F.3d 352, 359 (5th Cir. 2003).  Thus, a judge acting in an "adjudicative capacity . . . is not a proper party in a section 1983 action challenging the constitutionality of a state statute." *Bauer*, 341 F.3d at 359; *see also Whole Woman's Health*, 142 S. Ct. at 532–33.  This is so because "judges do not have a sufficiently personal stake in the outcome of the controversy as to assure that concrete adverseness.'"  *Bauer*, 341 F.3d at 359 (cleaned up).

And here, Judge Jackson is acting in an adjudicatory capacity when he considers whether to permit a new lawsuit from a vexatious litigant.   Under Chapter 11, Judge Jackson "may grant permission" "only if it appears to the judge that the litigation (1) has merit; and (2) has not been filed for the purposes of harassment or delay."  § 11.102(d).  Evaluating the merit and purpose of a lawsuit under these circumstances is a quintessential adjudicatory function.  *Bauer*, 341 F.3d

no pet.); *Moody v. Success Holding, LLC*, 2018 WL 650274, at \*2 (Tex. App.—Houston [1st Dist.] Feb. 1, 2018, no pet.); *Barnes v. Donihoo*, 2017 WL 6062296, at \*2 (Tex. App.—Texarkana Dec. 8, 2017, no pet.); *Serrano v. Lone Star Title Co.*, 2016 WL 155888, at \*1 (Tex. App.—El Paso Jan. 13, 2016, no pet.).

at 360 (holding that judge acted in adjudicatory capacity when determining probable cause to grant guardian ad litem applications); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 199 (3d Cir. 2000) (same where judge considered both "sufficient facts" and "good reason" to grant requests for commitment to substance-abuse treatment); *Lindke v. Tomlinson*, 31 F.4th 487, 493 (6th Cir. 2022) (same where judge determined "reasonable cause" to grant request for domestic protective order). A local administrative judge proceeding under Chapter 11, moreover, may make this determination "with or without a hearing" and "may condition permission on the furnishing of security for the benefit of the defendant." § 11.102(c), (d).  If the judge denies the request, the vexatious litigant may apply for a writ of mandamus. § 11.102(f).

Courts have held that judges conducting similar proceedings are acting in an adjudicatory capacity. *Bauer*, 341 F.3d at 360–61; *In re Justs. of Sup. Ct. of P.R.*, 695 F.2d 17, 21 (1st Cir. 1982) (Breyer, J.) (holding that judges acted in adjudicatory capacity when presiding over disbarment proceedings after an attorney's failure to pay bar-membership dues); *Campaign for S. Equal. v. Miss. Dep't of Hum. Servs.*, 175 F. Supp. 3d 691, 699 (S.D. Miss. 2016) (same for judges reviewing adoption petitions); *Cerigny v. Cappadora*, 2018 WL 11446157, at *1 (E.D. La. Aug. 3, 2018) (same for eviction proceedings); *Ortiz v. Foxx*, 596 F. Supp. 3d 1100, 1109 (N.D. Ill. 2022) (same for name-change petitions).  Indeed, the procedural safeguards and limitations provided by Chapter 11 highlight the adjudicatory nature of the proceeding. *Bauer*, 341 F.3d at 360–61 ("[J]udicial determinations pursuant to [the guardian ad litem

statute] are . . . clearly within a judge's adjudicatory capacity, as this statute requires notice and a hearing, among other safeguards and limitations."); *cf. In re Justs. of Sup. Ct. of P.R.*, 695 F.2d at 23 (suggesting that judges act within their adjudicatory capacity when they act pursuant to state statutes as opposed to court rules).

Accordingly, no "case or controversy" exists between "adverse litigants," and Judge Jackson must be dismissed. *Whole Woman's Health*, 142 S. Ct. at 532.

\* \* \*

Plaintiffs repeatedly cite *Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004), which permitted a plaintiff challenging California's vexatious litigant statute to sue defendants acting similarly to Defendants here. But the court in *Wolfe* failed to address the causation, redressability, or case-and-controversy problems that hamstring Plaintiffs' suit. The Court finds the opinion unpersuasive.

Accordingly, the Court **GRANTS** Defendants' motions to dismiss. Docket Nos. 14, 15. Because the Plaintiffs do not have standing, the Court need not address Defendants' alternative arguments for dismissal. *Smiley v. Oxford Cap., LLC*, 100 F. App'x 970, 974 (5th Cir. 2004).

Further, the Court **DENIES as moot** Plaintiffs' motion for class certification. Docket No. 30; *see Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 321–22 (5th Cir. 2002) ("Because this suit does not present a justiciable case or controversy under Article III, we do not reach the class certification question and intimate no view on its merits."); *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 769 (5th Cir. 2020) ("[I]f the class

14

representative[s] lacks standing, then there is no Article III suit to begin with—class
certification or otherwise.).

So **ORDERED** and **SIGNED** this **30th** day of **May, 2023.**

_____

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

TAB 3

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

CHRISTINE REULE, *et al.*,

    Plaintiffs,

v.                                          Case No. 6:22-cv-367-JDK

AUSTIN REEVE JACKSON, *et al.*,

    Defendants.

## FINAL JUDGMENT

The Court, having considered Plaintiffs' case and rendered its decision by opinion issued this same date, hereby enters **FINAL JUDGMENT**.

It is **ORDERED** that Plaintiffs' claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction. All pending motions are **DENIED** as moot.

The Clerk of Court is instructed to close this case.

So **ORDERED** and **SIGNED** this **30th** day of **May, 2023.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

TAB 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| CHRISTINE REULE, HARRIET NICHOLSON, REBECCA FOSTER, JIMMY LEE MENIFEE, TONY LAMAR VANN, and the HONORABLE MADELEINE CONNOR, | § § § § § § | |
| Plaintiffs, | § | |
| v. | § § | |
| The HONORABLE AUSTIN REEVE JACKSON, in his official capacity as Local Administrative Judge of Smith County, Texas, and on behalf of the class of all local administrative judges in Texas similarly situated; PENNY CLARKSTON, in her official capacity as District Clerk of Smith County, Texas, and on behalf of the class of all clerks of court in Texas similarly situated; and MEGAN LAVOIE, Administrative Director of the Office of Court Administration of Texas, | § § § § § § § § § § § § § § § | Civil Action No. 6:22-cv-00367-JDK |
| Defendants. | | |

---

## PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT

---

John W. Vinson
State Bar No. 20590010
John W. Vinson, PLLC
P.O. Box 301678
Austin, TX  78703
Tel: (512) 926-7380
Email: johnvinsonatty@yahoo.com

Mary Louise Serafine (Lead Attorney)
State Bar No. 24048301
Mary Louise Serafine, Attorney &
    Counselor at Law
3571 Far West Blvd., #3669, Austin, TX 78731
Tel: (512) 220-5452
Email: serafine@mlserafine.com

*Attorneys for Plaintiffs*

TO THE HONORABLE JEREMY D. KERNODLE:

Under Federal Rule of Civil Procedure 59(e), Plaintiffs Christine Reule, Harriet Nicholson, Rebecca Foster, Jimmy Lee Menifee, Tony Lamar Vann, and the Honorable Madeleine Connor respectfully ask the Court to alter or amend its *Memorandum Opinion and Order Granting Motions to Dismiss* (Opinion, Dkt. 46) and its *Final Judgment* (Dkt. 47).  This motion is filed within 28 days after entry of the judgment on May 30, 2023.

Plaintiffs submit that the Court's particular theory that Plaintiffs lack of standing is plain error.  Second, even if the Court maintains its theory that Plaintiffs lack of standing, the Court should remove commentary about Plaintiffs' counsel and reference to the magistrate judge's recommendation in *Serafine v. LaVoie*, which is both erroneous and irrelevant to this case.

This case concerns Chapter 11 of the Texas Civil Practice & Remedies Code, titled "Vexatious Litigants."  The statute's ostensible aim is to stop the filing of frivolous suits—not after they are filed (as with sanctions, for example), but prospectively, before they are filed.  It does this by designating citizens "vexatious" and then "slam[ming] shut the courthouse doors across the entire state, for the rest of the litigant's life."  Complaint, Dkt. 1 at ¶2.  All state-court clerks in Texas reject the attempted filings of "vexatious litigants," unless they have permission from the local administrative judge (LAJ); but Plaintiffs allege that the permission procedure "rigs the procedure in favor of denying it."  *Id*. at ¶3.

All six Plaintiffs, and their lead counsel, have been declared "vexatious."[1]

Plaintiffs brought this suit because "the law massively over-designates" by declaring

---

[1]  All Plaintiffs' designations as "vexatious" have been affirmed on appeal or the time to appeal has passed.  In the case of Serafine, the designation is not final because a request for review is before the Supreme Court of Texas.

"vexatious" those who have never been found to file a single "vexatious" or frivolous suit. *Id.* at ¶3.

The Court has held that Plaintiffs lack standing to sue because their claims are not caused by—and so cannot be redressed by—state-court clerks or the official (Director LaVoie) who publishes the list of "vexatious litigants." Equally, according to the Opinion, the LAJ cannot properly be sued.

The Opinion holds that the trial judge who enters the vexatiousness order is the only true enforcer of the statute; but he could not be sued, the Opinion notes, under *Bauer* and *Whole Woman's Health. See Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003); *Whole Woman's Health v. Jackson*, 142 S.Ct. 522 (2021). The Opinion also posits that, even if these defendants could be sued and Chapter 11 were declared unconstitutional, "Plaintiffs would still be subject to prefiling orders prohibiting them from filing new pro se lawsuits without permission." Opinion at 10.

The Court's Opinion sets out reasoning that was not suggested by Defendants' motions to dismiss. Defendants' motions *did* set forth that Plaintiffs' suit could not proceed because Plaintiffs lacked standing. But Defendants did not propose, as does the Opinion, that if Chapter 11 were declared unconstitutional, the state courts would still enforce it.

Plaintiffs bring this motion on grounds of manifest error and manifest injustice.

## I.
### The Opinion evinces manifest error.

Manifest error is error that "amounts to a complete disregard of the controlling law or the credible evidence in the record." [2] Below we raise two points: that the LAJ's role is not

---

[2] *Black's Law Dictionary* (10th ed.) at 660.

adjudicatory, but only ministerial; this means he is a proper defendant and also falls under the *Ex parte Young* exception. Second, the Opinion errs in supposing that, if Chapter 11 were declared unconstitutional, state trial judges would still enforce it.

### A. Contrary to the Opinion, the LAJ's role under Chapter 11 is not adjudicatory.

The Opinion fails to recognize that state law draws the line between ministerial and judicial acts—that is, between **ruling**, which is ministerial and compelled by the statute; and **ruling a certain way**, which invokes judicial discretion. Case law is clear that **"ruling upon [a] motion is ministerial....**  *In re Marez*, <u>345 S.W.3d 503, 504</u> (Tex. App.—San Antonio 2011) (cleaned up), because "[t]he trial court has no discretion to refuse to act...."

The reason that **ruling** (as opposed to ruling a certain way) is "purely ministerial, as opposed to discretionary or judicial in nature" is that the duty to rule is an "act sought to be compelled." *In re Dennis*, No. 2-04-167-CV (Tex. App.—Fort Worth July 8, 2004) (cleaned up). "[A] trial court has a ministerial duty to **rule**...[but]...has no ministerial duty to **rule a certain way....**"  *Simon v. Levario*, <u>306 S.W.3d 318, 321</u> (Tex. Crim. App. 2009)  (cleaned up). The Complaint makes exactly this distinction: "Judge Skeen is not sued in his *judicial* capacity,

> that is, in connection with any particular *decision* to grant or deny
> permission. Instead, he is sued in his official and administrative
> capacities in the performance of the *ministerial task of deciding*
> whether to permit a "vexatious litigant's" *pro se* filing.[3]

*Id.* at ¶19 (emphases added).

---

[3] This point is detailed in Plaintiffs response to Defendants LaVoie and Skeen's motion to dismiss. Dkt. 20 at 2.

The Opinion errs by disregarding the distinction and treating all decisions by the LAJ as the "quintessential adjudicatory function."  Opinion at 12.

**B. Nothing suggests that, if Chapter 11 is declared unconstitutional,**

      *judges would still enforce it.*

The Opinion states that "Plaintiffs argue that an injunction against Clarkston and the putative class of clerks would stop the rejection of their filings, fulfilling the redressability requirement." []

      But Plaintiffs would still be subject to prefiling orders prohibiting

      them from filing new pro se lawsuits without permission.

Opinion at 10.

The Opinion goes on to note that, should a litigant violate a pre-filing order—even after Chapter 11 was declared unconstitutional—he would be subject to contempt and his case would be dismissed.  *Id.* at 11.

The Opinion leaves unexplained why Plaintiffs "would still be subject" to prior orders restricting their right to petition and to access the courts.  Plaintiffs submit that the Opinion's cases cited for this proposition are inapposite.[4]

On the contrary, Plaintiffs emphasize that in addition to seeking an injunction against Defendants' enforcement of Chapter 11, they also pray for "a declaratory judgment that sets forth. . . that Chapter 11. . . is unconstitutional on its face."  Dkt. 1 at ¶171.  The question, then,

---

[4]  The cases cited are not similar enough in their facts or procedural posture for their holdings to be apposite to this case.  Indeed the Opinion relies almost entirely on *obiter dicta*.  Plaintiffs concur that cases on point to this case, apparently, do not exist or are difficult to find, except for *Wolfe v. Strankman,* 392 F.3d 358 (9th Cir. 2004), which the Court has found unpersuasive.  Opinion at 14.

is whether state trial courts will continue to exercise their contempt power in order, forcing compliance to Chapter 11 even if it is declared unconstitutional.  The Opinion seems to suggest that state trial judges would continue to enforce Chapter 11 unless they were enjoined from doing so.

Plaintiffs maintain that declaring a statute unconstitutional is only slightly less powerful than an injunction forbidding the statute's enforcement.  A declaration of unconstitutionality, at a minimum, tells the legal community and the public that the statute in question cannot be enforced.  Plaintiffs find support for this proposition in the fact that a declaration of unconstitutionality can even be applied retroactively in some cases.  Examples are *Miller v. Alabama*, 567 U.S. 460 (2012) and *Montgomery v. Louisiana*, 577 U.S. 190 (2016), and *In re Greenwood*, No. 19-60884 (5th Cir. Feb. 18, 2022).  In these cases, sentencing a minor convicted of murder to life imprisonment without parole was held unconstitutional.  Courts then applied the holding retroactively and entertained whether a change in sentence was due.  Thus, the statute's being unconstitutional had a strong effect.

At the same time, there remains disagreement about what it means to declare a statute unconstitutional.[5]

---

[5]  *Marbury v. Madison* declared that "one of the fundamental principles of our society" is that "an act of the legislature, repugnant to the constitution, is void."  *Marbury v. Madison*, 5 U.S. 137, 1 Cranch 137 (1803).  At the same time, especially with the controversy over S.B. 8, some are questioning whether lack of constitutionality renders a statute "void."  *See* Jonathan F. Mitchell, *The Writ-of-Erasure Fallacy,* 104 Va. L. Rev. ____(2018).  Electronic copy available at: https://ssrn.com/abstract=3158038

## II.

### *It is plain error to rely on an unadopted magistrate judge's recommendation in another case.*

For at least three of its propositions, the Court's Opinion cites a magistrate judge's Report and Recommendation (R&R, the Hightower Report) in the case *Serafine v. LaVoie* in the Western District of Texas.[6] The R&R is strewn with factual errors, misleading and incomplete statements, and perfunctory treatment of the law, including a major mis-statement of law. Its effect is to spread error to the Opinion without adding anything relevant.

The Opinion also recites details of Plaintiffs' counsel's voluntary dismissal of the *Serafine v. LaVoie* case and apparently finds fault with it. In reality, "Federal Rule of Civil Procedure 41(a)(1)(A)(i) grants [a party] an absolute right to dismiss his lawsuit before the defendant has filed an answer or a summary judgment motion." *Welsh v. Correct Care, L.L.C.*, 915 F.3d 341, 343 (5th Cir. 2019). The dismissal in question met those requirements.

The Opinion also errs when it purports to summarize facts, but the impression is incorrect. For example, the Opinion is wrong in part when it gives the impression that *Serafine v. LaVoie* ensnared a long list of high-end defendants, after which Magistrate Judge Hightower expeditiously recommended dismissing all except the two plaintiff had already dismissed. This mis-describes the events. In reality plaintiff—*who was not proceeding pro se as the Hightower Report says*—filed suit only against Abbott and Paxton. Considering defendants' motion to dismiss, we dismissed them, but named a clerk, an LAJ, and Mr. Slayton, then in LaVoie's place.

Contrary to what the Opinion implies, the *Serafine v. LaVoie* case remained in the courtroom of the district judge, the Honorable Robert Pitman, **for almost a year.** During that

---

6  *Serafine v. LaVoie*, No. 1:20-cv-01249-RP, Dkt. 118 (W.D. Tex. Jan. 26, 2022)

23-40478.408

time the Ninth Circuit's *Strankman* case convinced us to add Chief Justice Hecht as a defendant.[7]
We filed a motion before Judge Pitman for leave to amend the complaint accordingly.

Judge Pitman granted leave to name Chief Justice Hecht as a defendant. He also held
that Serafine's complaint sufficiently alleged a violation of her rights. *See* Exhibit A, Judge
Pitman's Order. Below we extract from the Order the passage that so held.

> Viewing the facts in the "light most favorable to [Serafine] and with every doubt resolved in
> [her] behalf," the Court finds that Serafine's amended complaint states a claim for relief against
> Nathan Hecht and adds sufficient facts to maintain her claims against the remaining Defendants.
> *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Indeed, Plaintiff's proposed
> second amended complaint includes sufficient factual allegations to support her claim that the
> enforcement of the Texas Statute against her violates her constitutional rights, and that Nathan
> Hecht as Chief Justice "enforces and executes [the Texas Statute] by directing and supervising
> [Defendant] Slayton." (Proposed 2d Am. Compl., Dkt. 52-1, at 6, 7–30). Because Serafine's
> proposed second amended complaint "give[s] the defendant[s] fair notice of what the claim is and
> the grounds upon which it rests," the Court rejects Slayton's argument that her amendment is futile.
> *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).

Exhibit A (Judge Pitman's Order) at 3. In sum, the actual facts are contrary to the impression
created by the Hightower Report and, in reliance on that report, part of this Court's Opinion.

We turn now to five reasons why it is plain error for this Court's Opinion to rely on an
unadopted magistrate judge's R&R in another case: (1) An unadopted R&R is not worthy of
importing into this case; (2) in effect, the Court purports to conduct its own fact-finding, which is

---

[7] Chief Justice Hecht supervises whomever is the director of the Office of Court
Administration—currently Ms. LaVoie and previously Mr. Slayton.

impermissible; (3) in particular a court may not take facts from another court's record or documents; (4) the Court's Opinion contains myriad errors imported from the R&R; and (5) the Hightower Report is tainted with bias.

### A. The magistrate judge's recommendation was not worthy of importing into this case.

Magistrate judges are not Article III judges. "[T]he magistrate's role under § 636(b) is *advisory, not adjudicatory*." *U.S. v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998) (emphasis added). Here, the Opinion purports to rely for authority on an advisory paper from another case, outside this Court. But "[a] magistrate judge's report is nothing like a jury verdict or the oral disposition of a district judge," *ibid.,* for example, "a magistrate judge's report is not an appealable judgment." *Id.* at 962.

More simply stated, "only Article III judges, not their adjuncts, have the power to dispose of cases or controversies." *United States v. Jimenez-Elvirez*, 862 F.3d 527, 538 (5th Cir. 2017) (quoting *United States v. Dees*, 125 F.3d 261, 265-67 (5th Cir. 1997). *Dees* found that magistrate judges' conducting plea proceedings did not run afoul of Article III because the taking of a plea by a magistrate judge does not bind the district court to accept that plea. *Ibid.*

Even if a magistrate judge's R&R were treated as a judgment instead of a recommendation, the "decision of one district court is not binding upon a different district court."[8] *Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457, n. 13 (9th Cir. 1977)

---

[8] Thus, at the May 10, 2023 hearing, when the Court enquired of Plaintiffs' counsel why they did not cite *LaVoie* to the Court, Plaintiffs' counsel explained, "It is not an opinion. It was a recommendation to a district court," and "it was not an order. Transcript at 34.

"[The magistrate judge] was only entitled under 636 . . . to give a recommendation." Transcript at 34. In addition, no pertinent evidence was in her record; she merely copied improperly findings from outside her record when, Plaintiffs' counsel said, "[o]ne court is not entitled to just

(quoting 1B *Moore's Federal Practice*, P 0.402(1), p. 61 (2d ed. 1947).

**B.  This Court may not conduct its own fact-finding, outside of court.**

Juries are not permitted to conduct their own fact-finding outside of the trial—for example from the internet, news sources, or friends.  It is called "jury misconduct" because the jury is warned about it and it eliminates due process   It is the same with judges.  Nothing permits a judge to obtain and use information outside of what is presented in his court.  Here, "what is presented in court" is limited to only the motions and responses filed for this Court's adjudication.

In a recent case the Fifth Circuit found error when a magistrate judge considered, for his report, an affidavit attached to a defendant's motion to dismiss.  (This is what the Hightower Report did.)  It was error because

> when ruling on a motion to dismiss, a court may consider
> "outside" evidence—or facts beyond those complained of or
> judicially noticed—attached to a motion to dismiss **when such**
> **documents are "referred to in the plaintiff's complaint" and**
> **"central" to the plaintiff's claims.**

*Wood v. Bexar Cnty.*,  No. 22-50888, (5th Cir. May 19, 2023) (emphasis added) (citing *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).  Here, Plaintiffs' complaint did not refer in any way to the Hightower Report.  Nothing in the complaint hinges in the slightest way on the R&R.  Thus, the "outside evidence" may not be considered.

But even if the magistrate judge's R&R was central to Plaintiffs' claims here—which it is

---

adopt the findings . . . of other courts."  *Ibid.*

-10-

not— "when looking to such documents, a court is still bound to draw all inferences in favor of the plaintiff." *Ibid.* (citation omitted).  Magistrate Judge Hightower's R&R in *Serafine v. LaVoie* is very far from anything relevant to the case before this Court.

### C.  The Opinion here erroneously takes facts from the magistrate judge's recommendation.

A court may not take facts from other cases or courts.  The Opinion here erroneously adopted facts from documents generated by a different judge, in another case.  Material from another case cannot be evidence because such documents are hearsay.  They are out of court statements presented for the truth of the matters asserted in them.

At the least, if a court wanted to take facts from another court, it must take judicial notice; in other words, the adversaries would debate whether the requirements of judicial notice were met, such as the level of veracity.  Even so, "courts generally cannot take notice of findings of fact from other proceedings for the truth asserted therein because these are disputable and usually are disputed." *Taylor v. Charter Medical Corp.*, 162 F.3d 827, 830 (5th Cir. 1998).

Courts can only "properly take notice, under Rule 201(b), of [a] judgment for the limited purpose of taking as true t*he action of [that] court in entering judgment*." *Colonial Leasing Co. of New England, Inc. v. Logistics Control Group Intern.*, 762 F.2d 454, 459 (5th Cir. 1985) (emphasis added).

The Fifth Circuit has continued to adhere to this rule.  *See Wooley v. Haynes & Boone, L.L.P.*, No. 11-51108 (5th Cir. July 5, 2012) ("improper to take judicial notice of the contents of filings from another case . . . .")

Sister circuits agree that "[a] court judgment is hearsay to the extent that it is offered to prove the truth of the matters asserted in the judgment." *United States v. Sine*, 493 F.3d 1021,

-11-

1036 (9th Cir. 2007) (internal quotations and citations omitted).

The D.C. Circuit noted in *Hurd* that a court may take notice of another court's record, but cannot "rely on it for the truth of the matter asserted." *Hurd v. District of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017).  The *Hurd* court noted that if it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.  *Id.*

This rule is not a technicality.  It exists to avoid the danger that one court will import the errors of another.  That is what happened here.  This Court's Opinion reports falsehoods as fact because it adopted the facts in the magistrate judge's report and recommendation.  That R&R is strewn with factual errors and misleading statements, because its purported facts were imported from an earlier opinion of the Third Court of Appeals.  The Third Court, whose bench at the time comprised all new justices, reported errors or misleading statements by adopting its facts from a much earlier Third Court opinion decided by justices who no longer remained on that bench.

To the extent the Court's Opinion drew from the magistrate judge's R&R, it was relying on fourth-hand reporting of some other court's findings.

### D.  The Opinion has myriad factual errors that should be eliminated or at least corrected.

Nearly every factual statement in the magistrate judge's R&R is woefully incomplete, misleading, or simply false.  Unavoidably, because this Court's Opinion draws its facts about Plaintiff's counsel from the R&R, the Opinion is also strewn with factual error.

One example is that the Opinion, for unknown reasons, fails to recognize that both Ms. Serafine and Mr. Vinson are Plaintiffs' counsel.

Another example is that the Opinion on page 5 states that "[o]n January 8, 2021, a Texas

-12-

state court found Serafine to be a vexatious litigant based on her multiple lawsuits against former neighbors and the judges presiding over those cases."  Opinion at 5.   This statement is flatly false.

Serafine has not filed "multiple lawsuits" against neighbors and judges.  Serafine filed suit against contractors, and then-adjacent property owners who hired them, *once*.  The erstwhile "neighbors" retaliated with three bogus counterclaims against Serafine—for which Serafine's counsel obtained dismissal under the anti-SLAPP statute or no-evidence MSJ.

But Serafine's suit and its appeals were over in 2018.  Since then, the supposed "neighbors" have continued litigating to avoid paying attorney's fees and sanctions *due to Serafine* that the anti-SLAPP statute mandates.  In this litigation the "neighbors" are the *plaintiffs*—that is, the counter-plaintiffs.  Serafine is the *defendant*, that is, the counter-defendant, so named at the trial court level.  In short, Serafine is the victim of  "multiple lawsuits," not the plaintiff.

Second, the Opinion errs when it describes that Serafine was found vexatious "based on" multiple lawsuits filed by her.  Opinion at 5.  This is an important mis-statement because, in reality we have no idea what the decision was based on; the trial court judge wrote no opinion or summary of any kind and refused to file findings of fact and conclusions of law.  It took that position  because, defendants urged, Chapter 11 does not require findings and conclusions.[9]  The

---

[9]  Plaintiffs' complaint makes this very allegation.

> In a Chapter 11 proceeding, the judge often examines no documents, admits or rejects no evidence, places no documents in the court file, and files no findings of fact or conclusions of law.

> With the standard of review being only abuse of discretion,

-13-

Third Court of Appeals recently affirmed that position.

In reality, the trial judge and defendants could not find the required five "litigations" that were resolved adversely to Serafine.  So, defendants successfully urged the trial judge to count motions, orders, sub-parts of cases, and even sub-parts of cases Serafine *had won*.  Nor could the Third Court of Appeals find five adversely-determined litigations by Serafine.  They found only two.  Even those were not final.  The Third Court sub-divided each into three parts and came up with *six*, thereby affirming the trial court.  This and other parts of the Third Court's affirmance deservedly drew public mockery on a citizen website covering Texas courts. [10]

Concerning Serafine's 1983 suit against four judges, filed in 2017: the suit is not dismissed, even now: Both the Opinion and the R&R fail to recognize what Texas and federal courts have long recognized:

> Judges are not immune from Section 1983 actions for declaratory
> or injunctive relief. [citations omitted]  Judicial immunity, in fact,
> is not a bar to prospective injunctive relief in a Section 1983 action
> against a judicial officer acting in his official capacity.

*Reyna v. City of Weslaco*,  944 S.W.2d 657, 661 (Tex. App.—Corpus Christi 1997) (citing *Pulliam v. Allen*, 466 U.S. 522, 541 (1984)).

Serafine's suit against the judges properly seeks only *prospective relief* needed in an on-

---

successful appeal is nearly impossible.

Dkt. 1 (Complaint) §48.

[10]  *See* https://tinyurl.com/2p85udad  ("This 'Opinion'[declaring Serafine a "vexatious litigant"] is an embarrassment to the Texas Judiciary, the Texas Constitution, and to common sense.").

-14-

going case.[11]

*Bauer* is the same. "Absolute judicial immunity . . . does not bar prospective relief against a judicial officer." *Bauer v. Texas*, 341 F.3d 352, 357 (5th Cir. 2003) (also citing *Pulliam v. Allen*).

The suit that Serafine brought against the judges was proper in every respect. The judges could not obtain dismissal of it, except through the use of the "Vexatious Litigant" statute.

### E. Bias evident in the magistrate judge's R&R disqualifies it for any purpose.

The transcript of the May 10, 2023 hearing shows that Plaintiffs' counsel reiterated that the magistrate judge's R&R was the product of "bias." Transcript at 34. To the extent that bias infiltrated this Court's Opinion, it is error. First, there is no legal theory or doctrine about the personal qualities of Plaintiffs or their counsel that could make any statute constitutional or unconstitutional. Even if unconstitutionality were a close call, the personal qualities of Plaintiffs or their counsel would not push the outcome in either direction. We find no case where a federal district or appellate court deliberated and adjudicated some quality of a plaintiff as a method of determining a statute's constitutionality. The question before this Court—and the question that was before Judge Pitman and Magistrate Judge Hightower—is whether Chapter 11 comports with the federal constitution, facially or as applied. Nothing about that question calls for the opening passage of the magistrate judge's R&R to begin with a full-throated, six-page section titled, in bold and centered, **"Plaintiff's Litigation History."** The R&R shockingly opens in

---

[11] The actual complaint against the judges is an attachment to a June 20, 2023 "Appellant's Reply Brief." It is available at https://tinyurl.com/mvu7jhwf

Appellant's Reply Brief

-15-

that way and proceeds to denigrate then-plaintiff Serafine. All lawyers reading that section

recognize that its purpose is not to expound on constitutionality, but to inculcate negative

attitudes against the plaintiff.[12] All lay readers of the section would conclude that, as they

expected, courts are biased and unjust.

CONCLUSION & PRAYER

Plaintiffs respectfully ask the Court to reconsider its conclusion that *standing*, as the

Opinion asserts it, calls for dismissal. Plaintiffs also ask that the Opinion's errors, derived from

the magistrate judge's R&R, be removed or at least corrected.

Respectfully submitted,

/s/ John W. Vinson
John W. Vinson
State Bar No. 20590010
John W. Vinson, PLLC
PO Box 301678
Austin, TX 78703
Tel: (512) 926-7380
Email: johnvinsonatty@yahoo.com

/s/ Mary Lou Serafine
Mary Louise Serafine
State Bar No. 24048301
Mary Louise Serafine, Attorney &
    Counselor at Law
3571 Far West Blvd., #3669, Austin, TX 78731
Tel: (512) 220-5452
Email: serafine@mlserafine.com

*Attorneys for Plaintiffs*

---

[12] It goes without saying that the magistrate judge's R&R did not mention Serafine's successful cases, most recently one styled *Dr. Mary Louise Serafine v. Tim F.* Branaman, <u>810 F.3d 354</u> (5th Cir. 2016). Serafine had counsel at trial and oral argument, but wrote and signed the appellate briefs independently.

CERTIFICATE OF SERVICE

I certify that on June 27, 2023 a copy of the foregoing document was served through the Court's CM/ECF system on the counsel below:

David Iglesias
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8, Tyler, Texas  75701
(903) 944-7185   david@iglesiaslawfirm.com
*Attorneys for Defendant District Clerk Penny Clarkston*

Heather L. Dyer
Texas Bar No. 24123044
Assistant Attorney General, General Litigation Division
MC-019, P.O. Box 12548, Austin, TX 78711-2548
Phone: 512.463.2120/Fax: 512.320.0667
heather.dyer@oag.texas.gov
*Attorneys for Defendants the Honorable Reeve Jackson and Megan LaVoie*

/s/ Mary Lou Serafine
Mary Louise Serafine
State Bar No. 24048301

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| CHRISTINE REULE, HARRIET NICHOLSON, REBECCA FOSTER, JIMMY LEE MENIFEE, TONY LAMAR VANN, and the HONORABLE MADELEINE CONNOR,<br>   Plaintiffs,<br>v. | § § § § § § § § § | |
| The HONORABLE AUSTIN REEVE JACKSON, in his official capacity as Local Administrative Judge of Smith County, Texas, and on behalf of the class of all all local administrative judges in Texas similarly situated; PENNY CLARKSTON, in her official capacity as District Clerk of Smith County, Texas, and on behalf of the class of all clerks of court in Texas similarly situated; and MEGAN LAVOIE, Administrative Director of the Office of Court Administration of Texas,<br>   Defendants. | § § § § § § § § § § § § § § | Civil Action No. 6:22-cv-00367-JDK |

---

# EXHIBIT A

# ORDER of July 2, 2021

*District Judge Robert Pitman, Dkt. 58 in 1:20-cv-01249-RP.
Serafine v. LaVoie*

---

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARY LOUISE SERAFINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:20-CV-1249-RP |
| | § | |
| GREG ABBOTT, *Governor of Texas*; | § | |
| KEN PAXTON, *Attorney General of Texas*; | § | |
| DAVID SLAYTON, *Administrative Director* | § | |
| *of the Office of Court Administration of Texas*; | § | |
| LORA J. LIVINGSTON, *Local* | § | |
| *Administrative Judge, Travis County, Texas*; | § | |
| VELVA R. PRICE, *District Clerk, Travis* | § | |
| *County, Texas, all in their official capacities*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff Mary Louise Serafine's ("Serafine") Motion to Amend

Complaint. (Mot. Amend, Dkt. 52). Serafine seeks leave to file a second amended complaint that

adds a new defendant, Nathan Hecht, Chief Justice of the Supreme Court of Texas, and additional

facts to aid the "Court's consideration of the issues before it." (*Id.* at 1–2). Defendants David

Slayton, Lora J. Livingston, and Velva R. Price ("Defendants") oppose Serafine's motion. (Defs.'

Resps., Dkts. 53, 54). Having considered the parties' briefing and the relevant law, the Court will

grant Serafine's motion to amend her complaint.

**I.      BACKGROUND**

This case arises out a state court proceeding in which Serafine was deemed to be a

"vexatious litigant" under Chapter 11 of the Texas Civil Practice & Remedies Code ("Texas

Statute"). (*See* Am. Compl., Dkt. 19). Serafine claims that the Texas Statute violates her rights under

the First and Fourteenth Amendments, pursuant to 42 U.S. § 1983, and seeks declaratory and

injunctive relief under the Declaratory Judgment Act and All Writs Act to bar enforcement of the

1

Texas Statute against her. (*Id.* at 14–22). Defendants moved to dismiss Serafine's claims against them under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Mots. Dismiss, Dkts. 27, 36). On May 12, 2021, the Court stayed discovery as to Defendant Slayton pending resolution of his motion to dismiss. (Order, Dkt. 34; Am. Order, Dkt. 48). Defendants Livingston and Price have also moved to stay discovery pending the outcome of their motion to dismiss. (Mot. Stay, Dkt. 37).

One June 16, 2021, Serafine filed the instant motion to amend her complaint. (Dkt. 52). Defendants oppose the motion on the grounds that Serafine exercised undue delay in moving to amend her complaint and that an amendment would be futile. (Slayton Opp., Dkt. 53, at 3; Livingston and Price Opp., Dkt. 54, at 4) ("[D]enial of leave in this case would be appropriate based upon undue delay, bad faith or dilatory motive, and futility.").

## II. DISCUSSION

The Federal Rules of Civil Procedure permit a party to amend its pleading "once as a matter of course," but afterwards "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(2). Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) (citation and internal quotation marks omitted). "[A]bsent a 'substantial reason' such as undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, or undue prejudice to the opposing party, 'the discretion of the district court is not broad enough to permit denial.'" *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)).

Defendant Slayton first argues that Serafine's addition of Nathan Hecht, Chief Justice of the Supreme Court of Texas, is futile because Serafine fails to state a claim against Justice Hecht that this Court "has subject-matter jurisdiction over, or that states a claim for relief." (Dkt. 53, at 3).

Slayton further argues that Serafine's addition of factual allegations regarding bias in her state court proceedings is futile because she has failed to state a claim for relief. (*Id.*). "It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, LLC, <u>234 F.3d 863, 872</u>–73 (5th Cir. 2000). Futility means "that the amended complaint would fail to state a claim upon which relief could be granted." *Id.* Thus, to determine futility, the court "appl[ies] the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id.*

Viewing the facts in the "light most favorable to [Serafine] and with every doubt resolved in [her] behalf," the Court finds that Serafine's amended complaint states a claim for relief against Nathan Hecht and adds sufficient facts to maintain her claims against the remaining Defendants. *Collins v. Morgan Stanley Dean Witter*, <u>224 F.3d 496, 498</u> (5th Cir. 2000). Indeed, Plaintiff's proposed second amended complaint includes sufficient factual allegations to support her claim that the enforcement of the Texas Statute against her violates her constitutional rights, and that Nathan Hecht as Chief Justice "enforces and executes [the Texas Statute] by directing and supervising [Defendant] Slayton." (Proposed 2d Am. Compl., Dkt. 52-1, at 6, 7–30). Because Serafine's proposed second amended complaint "give[s] the defendant[s] fair notice of what the claim is and the grounds upon which it rests," the Court rejects Slayton's argument that her amendment is futile. *Dura Pharm., Inc. v. Broudo*, <u>544 U.S. 336, 346</u> (2005).

Defendants also challenge Serafine's motion to amend by arguing that it should be denied due to her undue delay. (Dkt. 53, at 5; Dkt. 54, at 4). Defendant Slayton argues that Serafine's six-month delay in filing the instant motion evinces her intent to use the amendment to "delay the Court's ruling on the pending motions to dismiss," and is prejudicial to him in that Slayton will have to file another round of motions to dismiss. (Dkt. 53, at 6). Defendants Livingston and Price largely echo the same arguments as Slayton, contending that Serafine could have addressed the deficiencies in her amended complaint yet "waited until the very eve of the close of briefing on Defendants'

motions to dismiss to seek to add a party and further plead facts." (Dkt. 54, at 4). Livingston and

Price also argue that Serafine's motion to amend should be denied based on bad faith, yet they offer

no specific support for this contention. (*Id.*). Serafine responds that her proposed amendment

comes "barely a month after all current defendants had appeared," and as such does not rise to the

level of undue delay required to deny a motion to amend under Rule 15. (Pl.'s Reply, Dkt. 57, at 3).

The Court agrees. Given the early stage of the current suit and the bias in favor of allowing

amendments under Rule 15, the Court will grant Serafine's motion to amend.

### III.    CONCLUSION

Accordingly, **IT IS ORDERED** that Serafine's Motion to Amend Complaint, (Dkt. 52), is

**GRANTED**. The Clerk of Court is directed to file Serafine's Second Amended Complaint, (Dkt.

52-1).

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss, (Dkt. 27, 36), are

now **MOOT** because they refer to a now-superseded pleading**.**

**IT IS FURTHER ORDERED** that Defendant Livingston and Price's motion to stay

discovery, (Dkt. 37), is **MOOT**, and the order granting Defendant Slayton's motion to stay

discovery is **VACATED**.

**IT IS FINALLY ORDERED** that Serafine's motion for summary judgment, (Dkt. 50), is

now **MOOT**. Defendants Livingston and Price's motion to stay their response to that motion, (Dkt.

55), is likewise **MOOT**.

**SIGNED** on July 2, 2021.

_____

ROBERT PITMAN

UNITED STATES DISTRICT JUDGE

TAB 5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

CHRISTINE REULE, et al.,

    Plaintiffs,

v.                  Case No. 6:22-cv-367-JDK

AUSTIN REEVE JACKSON, et al.,

    Defendants.

**ORDER DENYING MOTION TO ALTER OR AMEND THE JUDGMENT**

Plaintiffs in this case challenged the constitutionality of Chapter 11 of the Texas Civil Practice and Remedies Code, which governs "vexatious litigations."  On May 30, 2023, the Court issued a Memorandum Opinion and Order granting Defendants' motions to dismiss (Docket Nos. 14, 15) after concluding that Plaintiffs lacked standing.  Docket No. 46.  The Court entered final judgment dismissing Plaintiffs' claims without prejudice.  Docket No. 47.

Citing Federal Rule of Civil Procedure 59(e), Plaintiffs now move to alter or amend the judgment.  Docket No. 49.

**I.**

Rule 59(e) provides for a "motion to alter or amend a judgment."  In discussing the rule's purpose, the Supreme Court stated:

> Rule 59(e) was added to the Federal Rules of Civil Procedure in 1946.  Its draftsmen had a clear and narrow aim.  According to the accompanying Advisory Committee Report, the Rule was adopted to "mak[e] clear that the district court possesses the power" to rectify its own mistakes in the period immediately following entry of

1

judgment . . . . Consistent with this original understanding, the federal courts have invoked Rule 59(e) only to support reconsiderations of matters properly encompassed in a decision on the merits.

*White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450–51 (1982) (citations omitted). Furthermore, "Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation omitted).

The Fifth Circuit has observed that a Rule 59(e) motion "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotations omitted). A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir.).

Moreover, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* at 479 (citations omitted). The decision to alter or amend a judgment is committed to the sound discretion of the district judge and will not be overturned absent an abuse of discretion. *S. Contractors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 & n.18 (5th Cir. 1993).

## II.

Plaintiffs argue the Court's Memorandum Opinion and Order includes three manifest errors of law. Plaintiffs' arguments are meritless.

2

*First*, Plaintiffs contend they sued the judicial defendant, Judge Austin Reeve Jackson, in his "official and administrative capacity," and the Court erred in "fail[ing] to recognize" the distinction between "ministerial and judicial acts." Docket No. 49 at 4–5 (quoting Docket No. 1 ¶ 19). Plaintiffs, however, fail to explain how this distinction has any bearing on the Court's Order, which held that Plaintiffs had no "case or controversy" against Judge Jackson. Docket No. 46 at 12–13; *see also Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) ("'[N]o case or controversy' exists 'between a judge who adjudicates claims under a statute and a litigant who attacks the constitutionality of the statute.'"). Under the case-or-controversy analysis, courts look to the judicial defendant's actions under the challenged statute to determine whether he acts in an "adjudicatory capacity," irrespective of the capacity in which plaintiffs have sued him. *Bauer v. Texas*, 341 F.3d 352, 357, 361 (5th Cir. 2003) (finding a judge acted in an "adjudicatory capacity" for purposes of the case-or-controversy requirement although plaintiff sued him "in his judicial capacity"); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 195 (3d Cir. 2000) (same where plaintiff sued judicial defendants in their "official capacity"). Because the Court found that Judge Jackson's actions are "adjudicatory" under Chapter 11, Plaintiffs lack standing to sue him. Thus, Plaintiffs' first argument to reconsider fails. *E.g.*, *Bauer*, 341 F.3d at 361.

*Second*, Plaintiffs argue they have standing to sue Penny Clarkston, the District Clerk for Smith County, and the Court erred in concluding otherwise. Specifically, Plaintiffs contend that a "declaratory judgment that sets forth that

Chapter 11 is unconstitutional on its face"—which they request in their complaint, Docket No. 1 ¶ 171—will redress their alleged injury, because it will halt enforcement of Chapter 11 by clerks like Clarkston.  Docket No. 49 at 6.

But a declaratory judgment is not a workaround that permits Plaintiffs to bypass Article III's requirements—they must still show that a judgment against Clarkston would redress their claimed injury.  *California v. Texas*, 141 S. Ct. 2104, 2115 (2021) ("[J]ust like suits for every other type of remedy, declaratory-judgment actions must satisfy Article III's case-or-controversy requirement."); *Okpalobi v. Foster*, 244 F.3d 405, 431 (5th Cir. 2001) (en banc) (Higginbotham, J., concurring) ("Lack of standing disposes of this case regardless of the relief sought—injunctive or declaratory.").  And, as the Court explained, a judgment against Clarkston would *not* redress their injury because even if Clarkston momentarily permitted them to file new lawsuits, Plaintiffs would be "subject to contempt of court" and their suits would be immediately dismissed.  Docket No. 46 at 10–12; *see also California v. Texas*, 141 S. Ct. at 2115 (finding plaintiff lacked standing to seek a declaratory judgment that the challenged provision was unconstitutional); *K.P. v. LeBlanc*, 729 F.3d 427, 437 (5th Cir. 2013) (same where plaintiffs sought injunction and judgment declaring state law unconstitutional because "enjoining the [defendants] from 'enforcing' the cause of action" would not redress injury); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. City of Lubbock*, 542 F. Supp. 3d 465, 480 (N.D. Tex. 2021) (same where "an order from the Court enjoining the city or declaring the law invalid would,

23-40478.434

for redressability purposes, be 'utterly meaningless.'"). Accordingly, Plaintiffs' second argument is meritless.

*Third*, Plaintiffs complain about the Court's citation to Magistrate Judge Hightower's report and recommendation in prior litigation involving Plaintiffs' counsel, Mary Louise Serafine. Docket No. 7–16. It is not a "manifest error of law" to acknowledge related litigation, which here included a 34-page written opinion in a nearly identical case rejecting Plaintiffs' claims. Contrary to Plaintiffs' suggestion, moreover, the Court did not rely on facts in the report and recommendation in issuing the Order here.

### III.

Accordingly, Plaintiffs have failed to identify any "manifest error of law" in support of their motion. The Court **DENIES** the motion to alter or amend the judgment (Docket No. 49).

**Signed this**
**18th day of July, 2023**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

TAB 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| CHRISTINE REULE, HARRIET NICHOLSON, REBECCA FOSTER, JIMMY LEE MENIFEE, TONY LAMAR VANN, and the HONORABLE MADELEINE CONNOR,<br><br>             Plaintiffs,<br><br>v.<br><br>The HONORABLE AUSTIN REEVE JACKSON, in his official capacity as Local Administrative Judge of Smith County, Texas, and on behalf of the class of all local administrative judges in Texas similarly situated; PENNY CLARKSTON, in her official capacity as District Clerk of Smith County, Texas, and on behalf of the class of all clerks of court in Texas similarly situated; and MEGAN LAVOIE, Administrative Director of the Office of Court Administration of Texas,<br>             Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 6:22-cv-00367-JDK |

---

## PLAINTIFFS' NOTICE OF APPEAL

---

Notice is hereby given that Christine Reule, Harriet Nicholson,

Rebecca Foster, Jimmy Lee Menifee, Tony Lamar Vann, and the Honorable

-1-

23-40478.440

Madeleine Connor,  plaintiffs in the above named case, hereby appeal to the United

States Court of Appeals for the Fifth Circuit from the Order Denying Motion to

Alter or Amend the Judgment, signed and filed July 18, 2023, and from the

Memorandum Opinion and Order, and the Final Judgment, both entered on May

30, 2023.


Dated: August 16, 2023.

Respectfully submitted,

s/ Mary Lou Serafine
Mary Louise Serafine
State Bar No. 24048301
Mary Louise Serafine, Attorney &
        Counselor at Law
3571 Far West Blvd., #3669, Austin, TX 78731
Tel: (512) 220-5452
Email: serafine@mlserafine.com
*Attorney for Plaintiffs*

CERTIFICATE OF SERVICE

I certify that on August 16, 2023, a copy of the foregoing document was served
through the Court's CM/ECF system on the counsel below:

David Iglesias
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8, Tyler, Texas  75701
(903) 944-7185   david@iglesiaslawfirm.com
*Attorneys for Defendant District Clerk Penny Clarkston*

-2-

Heather L. Dyer
Assistant Attorney General, General Litigation Division
MC-019, P.O. Box 12548, Austin, TX 78711-2548
512.463.2120   heather.dyer@oag.texas.gov
*Attorneys for Defendants the Honorable Reeve Jackson and Megan LaVoie*

s/ Mary Lou Serafine
Mary Louise Serafine
State Bar No. 24048301

## CERTIFICATE OF SERVICE

I certify that on December 4, 2023, an electronic copy of the foregoing Record Excerpts was filed with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system that, at the same time, served the document on the counsel below:

David Iglesias
Iglesias Law Firm, PLLC
605 Chase Drive, Suite 8, Tyler, Texas  75701
(903) 944-7185   david@iglesiaslawfirm.com
*Attorneys for Defendant District Clerk Penny Clarkston*

Cole Wilson
Assistant Attorney General, General Litigation Division
P.O. Box 12548, Austin, TX 78711-2548
Phone: 512.936.1309
cole.wilson@oag.texas.gov
*Attorneys for Defendants Hon.Reeve Jackson and Megan LaVoie*

s/ Mary Louise Serafine

## CERTIFICATE OF COMPLIANCE WITH
## ECF FILING STANDARDS

Concerning this document, in compliance with Fifth Circuit ECF Filing Standard A(6), I certify that 1) any required privacy redactions have been made, 5th Cir. R. 25.2.13; 2) the electronic submission is an exact copy of the paper document, 5th Cir. R. 25.2.1; and 3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

s/ Mary Louise Serafine
Attorney for Appellants
Dated: December 1, 2023